IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

GRIFFIN TECHNOLOGY, INC.,           )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 1:14cv0765 (LO/JFA)
                                    )
GRIFFINDISCOUNT.COM, *et al.*,      )
Internet Domain Names,              )
                                    )
            Defendant.              )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for entry of default judgment

pursuant to Fed. R. Civ. P. 55(b)(2). (Docket no. 12) ("motion for default judgment"). In this *in*

*rem* action involving <griffindiscount.com> and <griffinsurvivordiscount.com> ("the defendant

domain names"), plaintiff Griffin Technology, Inc. ("Griffin") seeks a default judgment ordering

VeriSign, Inc. ("VeriSign"), as the operator of the registry for the defendant domain names, to

transfer the defendant domain names from their current registrar, GoDaddy.com, LLC

("GoDaddy") to plaintiff's designated registrar, Namecheap.com and that Namecheap.com

register the defendant domain names in the name of plaintiff and provide plaintiff with full

ownership and control of the defendant domain names.[1] (Docket no. 12-1). Pursuant to 28

U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed

findings of fact and recommendations, a copy of which will be provided to all interested parties.

---

[1] This is the relief set forth by plaintiff in the [Proposed] Order attached to the memorandum in support of plaintiff's motion for default judgment. (Docket no. 12-1).

1

## Procedural Background

On June 20, 2014, plaintiff filed its verified complaint ("Compl.") against the defendant domain names <griffindiscount.com> and <griffinsurvivordiscount.com> for cybersquatting pursuant to the *in rem* provisions of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). (Docket no. 1). Griffin's complaint sought an order directing VeriSign to transfer the defendant domain names from their current registrar to a registrar of plaintiff's choosing and that the chosen registrar transfer ownership of the defendant domain names to the plaintiff. *Id.*

On August 1, 2014, plaintiff filed a motion for an order to publish notice of action (Docket no. 4) along with a memorandum in support (Docket no. 5). In the motion for an order to publish notice of action, plaintiff sought an order of the court directing plaintiff to publish notice of this action once in *The Washington Times* in compliance with the ACPA. In support of this proposed relief, plaintiff stated that it sent notice of the alleged ACPA violation and notice of plaintiff's intent to proceed under the ACPA's *in rem* provisions to the registrant of the defendant domain names.[2] (*Id.* at 4). On August 4, 2014, an order was entered directing Griffin to provide notice of this action by publication in accordance with the ACPA. (Docket no. 8). The order providing notice of this action was published in *The Washington Times* on August 7, 2014, and on August 22, 2014, Griffin filed an affidavit describing compliance with the order directing publication of notice of this action. (Docket nos. 9, 9-1). Other than the claims made by Griffin, no response, claim, or other pleading has been filed asserting any right in or to the defendant domain names and the 21-day time period provided in the published notice has expired.

---

[2] In addition to sending notice to the e-mail and postal addresses provided by the registrant to the registrar, plaintiff attempted to send notice to the registrant at an address believed to be the location of where the registrant's infringing activities are located. (Docket no. 5 at 6).

On September 17, 2014, Griffin filed a request for entry of default as to the defendant domain names (Docket no. 10) supported by declaration from Ronald L. Sigworth attesting that no answer or other responsive pleading had been filed in this action on behalf of the defendant domain names (Docket no. 10-1) ("Sigworth Decl." at ¶ 16). The Clerk of Court entered default against the defendant domain names on September 22, 2014. (Docket no. 11). On October 2, 2014, Griffin filed and served by e-mail its motion for default judgment (Docket no. 12) and a memorandum in support of the motion (Docket no. 13). On October 20, 2014, Griffin filed and served by e-mail a notice of hearing for October 31, 2014. (Docket no. 15). On October 31, 2014, counsel for Griffin appeared at the hearing on the motion for default judgment before the undersigned and no claimant appeared on behalf of the defendant domain names.

## Factual Background

The following facts are established by the complaint (Docket no. 1), the declaration to support plaintiff's request for clerk's entry of default (Docket no. 10-1), and the memorandum in support of the motion for default judgment (Docket no. 12).

Griffin is a Tennessee corporation with its principal place of business in Nashville, Tennessee. (Compl. ¶ 1). At the time the complaint was filed, according to the WhoIs domain name registration records, the defendant domain names were registered to Albert Sung located in Guangdong, China. (Compl. ¶ 2). The postal address provided by the registrant to the registrar was "BaiShiZhou, ShaHe Road, NanShan District, ShenZheng, GuangDong 518053 China." (*Id.*). The e-mail address provided by the registrant to the registrar was songqianbo@163.com. (Compl. Exs. 1, 2). The registrar for the defendant domain names is GoDaddy. (*Id.*). The defendant domain names, which have a <.com> extension, reside with the registry VeriSign,

3

which is responsible for maintaining the <.com> registry and is located in Virginia. (Compl. ¶¶ 3, 6).

Griffin manufactures and sells electronic device accessories, such as cases for iPhones, covers for iPads, battery chargers, car chargers, mounts for portable electronic devices, and wrist and armbands for housing fitness trackers, which are all sold under multiple federally registered and common law trademarks. (Compl. ¶ 10). Griffin has operated a website with on-line retail services and related support services at < griffintechnology.com> since at least as early as July 1997. (*Id.*).

Griffin is the owner of all rights in trademarks for GRIFFIN (Registration No. 3,556,144), GRIFFIN TECHNOLOGY (Registration No. 3,556,211), and SURVIVOR (Registration No. 4,405,866) in International Class 09 for use with electronic devices and accessories and protective cases for portable electronic devices ("the Griffin marks"). (Compl. ¶ 13). The Griffin marks are registered on the Principal Register of the U.S. Patent and Trademark Office and the registrations are valid and subsisting and have been used and are currently in use in interstate commerce in connection with the goods set out above. (*Id.*).

Each of the registrations for the Griffin marks is valid and subsisting under the provisions of 15 U.S.C. § 1115 and is conclusive evidence of the validity of each registered mark, of Griffin's ownership of the mark, and of Griffin's exclusive right to use the registered mark in commerce on or in connection with the goods/services covered by the registration. (Compl. ¶ 14).

Griffin has used the Griffin marks for well over a decade and Griffin has used its GRIFFIN TECHNOLOGY mark on electronic devices and accessories in interstate commerce since at least as early as October 30, 1996, which constitutes almost 20 years of

continuous use. (Compl. ¶ 11). Griffin has also used its SURVIVOR mark in interstate

commerce since at least as early as March 1, 2011. (Compl. ¶ 12).

Griffin states that the Griffin marks were distinctive at the time of registration and the

Griffin marks are famous and distinctive as defined under United States trademark law. (Compl.

¶¶ 23, 32).

Griffin contends that subsequent to its registration of the Griffin marks and without its

consent, the registrant registered and acquired the defendant domain names. (Compl. ¶ 29). The

defendant domain names are registered to a foreign registrant, Albert Sung. (Compl. ¶¶ 2, 5).

The defendant domain names consist of the element "GRIFFIN" coupled with the element

"DISCOUNT" and "SURVIVOR." As a result, plaintiff asserts that the defendant domain

names are identical to, confusingly similar to, and dilutive of, the Griffin marks and they infringe

on plaintiff's rights in those marks. (Compl. ¶ 22).

Plaintiff further alleges that the websites associated with the defendant domain names

offer competing, inferior, counterfeit goods under the Griffin marks. (Compl. ¶¶ 16–18).

Plaintiff further argues that the registrant of the defendant domain names had a bad faith intent to

profit from its unauthorized use of the Griffin marks by diverting consumers from plaintiff's

authorized website to websites available at the defendant domain names, for commercial gain, by

creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the

websites. (Compl. ¶ 30). As alleged by the plaintiff, the registrant of the defendant domain

names has no trademark or other intellectual property rights in the Griffin marks, the defendant

domain names are not the legal name of the registrant, and the defendant domain names are not

being used in connection with the bona fide offering of goods or services or a legitimate,

noncommercial or fair use. (Compl. ¶¶ 25, 26, 28).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure of anyone to file a responsive pleading or claim to the defendant domain names in a timely manner, the Clerk of Court has entered a default as to the defendant domain names. (Docket no. 11).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

A court must have both subject matter and personal or *in rem* jurisdiction over a defaulting defendant before it can render a default judgment. Griffin's claim arises under the ACPA, 15 U.S.C. § 1125(d), and this court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). (Compl. ¶ 4).

The court has *in rem* jurisdiction over the defendant domain names under 15 U.S.C. § 1125(d)(2). The first required element for *in rem* jurisdiction over a domain name is satisfied when the domain name violates any right of the owner of a mark registered with the Patent and Trademark Office. *See* 15 U.S.C. § 1125(d)(2)(A)(i). Griffin owns several federally-registered

trademarks, including GRIFFIN, GRIFFIN TECHNOLOGY, and SURVIVOR, and it claims that its rights in those marks are being violated by the registration and use of the defendant domain names. (Compl. ¶¶ 13, 20).

The ACPA also conditions *in rem* jurisdiction upon a finding that the trademark owner: (a) is unable to obtain personal jurisdiction over a person who would otherwise be a defendant in a civil action under the ACPA; or (b) through due diligence cannot find the person who would have been a defendant in such an action, having sent that person postal and electronic notice of both the alleged violation and the owner's intent to sue. *See* 15 U.S.C. § 1125(d)(2)(A)(ii). Given that the current registrant of the defendant domain name, Albert Sung, resides in China and does not appear to have any ongoing business activities in the United States, Griffin has established that it is unable to obtain personal jurisdiction over the registrant of the defendant domain names, who would otherwise be a defendant in this suit. (Compl. ¶ 5).

Venue is proper in this district under 15 U.S.C. § 1125(d)(2)(C)(i), which places venue for an *in rem* ACPA action in the judicial district in which the domain name's registrar, registry, or other domain name authority that registered or assigned the domain name is located. VeriSign is the exclusive registry for domain names with a top level domain of <.com> and has offices in the Eastern District of Virginia. (*Id.*).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the defendant domain names, and that venue is proper in this court.

### Service

As alleged in the verified complaint, Griffin sent notice of the alleged ACPA violation and notice of plaintiff's intent to proceed under the *in rem* provisions of the ACPA to the

registrant, Albert Sung, to the e-mail address provided by the registrant to the registrar and to the postal address provided by the registrant to the registrar. (Compl. ¶ 7). In addition, pursuant to the court's August 4, 2014, order to publish notice of action pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb) (Docket no. 8), Griffin published notice of this action in *The Washington Times* on August 7, 2014 (Docket no. 9). As set forth in the notice of action, any person claiming an interest in the defendant domain names was required to file an answer or other response to the complaint within 21 days from the date of publication of the order in *The Washington Times*. (Docket no. 9-1). The 21-day time period for filing an answer or claim expired on August 28, 2014.

The ACPA provides that service of process in an *in rem* action may be accomplished by sending a notice of the alleged violation and intent to proceed under the ACPA to the registrant of the domain name at the postal and e-mail addresses provided by the registrant to the registrar and by publishing notice of the action as the court may direct promptly after filing the action. 15 U.S.C. § 1125(d)(2)(B). Griffin has complied with these provisions.

For these reasons, the undersigned magistrate judge recommends a finding that service of process has been accomplished in this action.

### Grounds for Entry of Default

Under Federal Rule of Civil Procedure 12(a), and as stated in the order of publication, anyone asserting a claim to the defendant domain names was required to file an answer or responsive pleading with the Clerk of Court by August 28, 2014. No responsive pleading was filed by the named registrant or by anyone else claiming ownership of or any right in the defendant domain names and on September 17, 2014, Griffin filed its request for entry of default. (Docket no. 10). The Clerk of Court entered a default on September 22, 2014. (Docket no. 11).

Upon obtaining default, Griffin filed its motion for default judgment on October 2, 2014 (Docket no. 12), along with a memorandum in support (Docket no. 13). A notice of hearing was filed on October 20, 2014. (Docket no. 15). Copies of these pleadings were sent to the registrant at the e-mail address provided by the registrant to the registrar on October 2, and October 20, 2014. (Docket nos. 12, 13, 15).

The undersigned magistrate judge recommends a finding that notice of this *in rem* action was provided properly, that no one filed a responsive pleading or claim to the defendant domain names in a timely manner, and that the Clerk of Court properly entered a default as to the defendant domain names.

## Liability and Relief Sought

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because no responsive pleading was filed, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6). The relief sought in the motion for default judgment, as set forth in the proposed order, is for the court to enter an order directing VeriSign, the registry for the defendant domain names, to transfer the domain names from their current registrar to Namecheap.com, plaintiff's designated registrar and directing Namecheap.com to register the defendant domain names in the name of plaintiff and provide plaintiff with full ownership and control of the defendant domain names. (Docket no. 12-1). The notice that was published pursuant to the ACPA provided that one of the remedies available under the ACPA was transfer of the defendant domain names to the plaintiff in this action. (Docket no. 9-1).

To state a claim under the ACPA, Griffin must prove that the defendant domain names and/or their registrant registered, trafficked in, or used the domain names with the bad faith intent to profit and that the domain names are either identical or confusingly similar to a

9

distinctive mark owned by Griffin, or, upon a finding that a mark owned by Griffin is famous, that the domain name is identical or confusingly similar to, or dilutive of, Griffin's famous mark. *See* 15 U.S.C. § 1125(d)(1)(A); *see also People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). The registration of the Griffin marks is *prima facie* evidence that the marks are at least descriptive and have acquired distinctiveness. *See America Online, Inc. v. AT&T Corp.*, 243 F.3d 812, 816 (4th Cir. 2001). Further, secondary meaning is typically found where there are attempts to plagiarize a mark and where a mark has been used exclusively for an extended period of time. *See, e.g., Perini Corp. v. Perini Constr. Inc.*, 915 F.2d 121, 125 (4th Cir. 1990).

Here, Griffin has obtained several registrations for the Griffin marks, as shown in the complaint and in exhibits 6–10 to the complaint. (Compl. ¶ 13). Griffin has used the GRIFFIN TECHNOLOGY mark in interstate commerce since at least as early as October 30, 1996 and the SURVIVOR mark since at least as early as March 1, 2011. (Compl. ¶¶ 11, 12). For these reasons, the undersigned magistrate judge recommends a finding that the Griffin marks are at least distinctive.

The next consideration is whether the domain names are identical or confusingly similar to the Griffin marks. Based on the uncontested allegations in the complaint, the undersigned magistrate judge recommends a finding that both of the defendant domain names are confusingly similar to the Griffin marks. Further, the registration and use of the defendant domain names by the registrant is likely to cause confusion among the public, including customers of Griffin, because the "dominant or salient portions" of the Griffin marks and the defendant domain names are identical. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 936 (4th Cir. 1995). Accordingly, "a finding of likelihood of confusion is appropriate despite the fact

10

that collateral portions of the mark may differ." *Atlas Copco AB v. Atlascopcoiran.com*, 533 F. Supp. 2d 610, 614 (E.D. Va. 2008) (finding that the addition of generic geographic terms to plaintiff's registered mark did not distinguish the defendant domain names from the registered marks) ("An internet user might reasonably assume that the geographic term 'CASPIAN' and 'IRAN' were added to the ATLAS COPCO trademark by the Plaintiffs to identify its geographic location.").

In this case, each defendant domain name consists of the element "GRIFFIN" coupled with the element "DISCOUNT." In addition, the defendant domain name <griffinsurvivordiscount.com> includes both of the Griffin marks, GRIFFIN and SURVIVOR along with the element "DISCOUNT." Plaintiff correctly asserts that the defendant domain names are confusingly similar to, and dilutive of, the Griffin marks. (Compl. ¶ 22). As shown in the complaint, the websites appearing at the defendant domain names display competing products under the Griffin marks that are inferior and counterfeit. (Compl. ¶¶ 16–18). Based on a simple comparison of the Griffin marks and the defendant domain names and the fact that competing products are being offered on these websites using the Griffin marks, it is clear that any use of the defendant domain names by someone other than Griffin could cause confusion. Thus, Griffin has shown that the defendant domain names are confusingly similar to the Griffin marks.

Having recommended a finding that the Griffin marks are distinctive and that the defendant domain names are confusingly similar to the Griffin marks, the remaining question is whether the defendant domain names were registered or used with the bad faith intent to profit. For the following reasons, the undersigned magistrate judge recommends a finding that the

11

defendant domain names were registered and used with the bad faith intent to profit from the Griffin marks:

1.      The Griffin marks, which have been incorporated into the defendant domain names, are distinctive within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(IX);

2.      The registrant of the defendant domain names does not have any valid trademark or intellectual property rights in the Griffin marks or the defendant domain names within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(I);

3.      It appears that the defendant domain names do not consist of the registrant's legal name, nor do they in any way identify the registrant within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(II);

4.      The registrant of the defendant domain name has not used the defendant domain names in connection with the *bona fide* offering of any goods or services within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(III) in that the registrant does not have any rights to use the Griffin marks and the defendant domain names are not being used to sell authentic Griffin products, the only *bona fide* use of the Griffin marks;

5.      The registrant has not used the defendant domain names for *bona fide* noncommercial purposes or within the fair use provisions of 15 U.S.C. § 1125(d)(1)(B)(i)(IV); and

6.      The registrant's intent in obtaining and maintaining the registration for the defendant domain names and using the domain names was to divert Griffin's customers and to profit from the goodwill of the Griffin marks, within the meaning of 15 U.S.C. § 1125(d)(1)(B)(i)(V).

The ACPA provides that, upon a finding of a violation, the court has discretion to cancel a domain name registration or order it transferred to the trademark owner. 15 U.S.C. § 1125(d)(2); *see also Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 232 (4th Cir. 2002) ("Transfer or cancellation of the defendant domain name[] is the only remedy available under § 1125(d)(2)'s *in rem* provision . . . .").

For these reasons, the undersigned magistrate judge recommends a finding that the registrant's actions have violated the ACPA. The undersigned further recommends that an order be entered requiring the registry VeriSign to change the registrar of record for the defendant domain names to Namecheap.com, plaintiff's designated registrar; and that Namecheap.com take the necessary steps to register the defendant domain names in the name of plaintiff.

### Conclusion

For the foregoing reasons, the undersigned recommends that a default judgment be entered in favor of Griffin Technology, Inc. and against the defendant domain names <griffindiscount.com> and <griffinsurvivordiscount.com>. The undersigned magistrate judge further recommends that the court enter an order requiring VeriSign, Inc. to change the registrar of record for <griffindiscount.com> and <griffinsurvivordiscount.com> to Namecheap.com, the registrar specified by plaintiff, and requiring Namecheap.com to take the steps necessary to register <griffindiscount.com> and <griffinsurvivordiscount.com> in the name of Griffin Technology, Inc.

### NOTICE TO PARTIES

Failure to file written objections to these proposed findings of fact and recommendations within fourteen (14) days after being served with a copy of the proposed findings of fact and recommendations may result in the waiver of any right to a *de novo* review of the proposed

findings and recommendations and such failure shall bar you from attacking on appeal any

findings and conclusions accepted and adopted by the District Judge except upon grounds of

plain error.  A copy of these proposed findings of fact and recommendations shall be sent by first

class mail to the registrant of the defendant domain names Albert Sung, Baishizhou, Shahe Road,

Nanshan District, Shenzheng, Guangdong 518053 China and to the e-mail address

songqianbo@163.com.

      ENTERED this 31st day of October, 2014.

                                      _____/s/_____

                                      John F. Anderson
                                      United States Magistrate Judge
                                      John F. Anderson
                                      United States Magistrate Judge

Alexandria, Virginia